1
2
3
4
5
6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROSE,<br><br>          Plaintiff,<br><br>     v.<br><br>ARTIANO SHINOFF APC, et al.,<br><br>          Defendants. | Case No. 8:25-01401 CV (ADS)<br><br>**ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**[DOC. # 66]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Complaint (Doc. #1), the First Amended Complaint (Doc. # 19), the Motion to Dismiss (Doc. # 20), Plaintiff's Opposition to the Motion to Dismiss (Doc. # 23), the Reply (Doc. # 26) the Report and Recommendation of United State Magistrate Judge (Doc. #

66, "R&R"), Plaintiff's Objections to the R&R (Doc. ## 69, 71), and Defendant's Reply to Plaintiff's Objections to the R&R (Doc. # 76), and the record in the case.[1]

The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections were made. To the extent the R&R recommends the dismissal of Plaintiff's state court claims with prejudice, the Court sustains Plaintiff's objection. For those state court claims over which the Court declines to exercise supplemental jurisdiction (claims 1, 2, 3, 4, 5, 6, 7, and 10) the Court dismisses these claims without prejudice. Otherwise, Plaintiff's objections are overruled and the Court accepts the findings and recommendations of the Magistrate Judge. The Court notes that the magistrate judge properly considered Plaintiff's operative complaint in the R&R.[2]

The Court further notes that Plaintiffs' various challenges to the magistrate judge's involvement in this case are without merit. He identifies no basis for recusal or disqualification under 28 U.S.C. §§ 144 or 455, which require an

---

[1] Plaintiff's deadline to object to the December 2, 2025 R&R was December 16, 2025. *See* Fed. R. Civ. P. 72. Without leave of Court, Plaintiff filed a rebuttal to Defendant's Reply to Plaintiff's Objections to the R&R and a request for judicial notice regarding the R&R. Doc. # 77, 80. These amount to untimely and improper objections, and the Court therefore STRIKES them from the record.

[2] *See* Doc. # 66 at 7 ("The Court finds that the arguments in the Motion and the Opposition, despite being directed to the initial complaint, are equally relevant to the FAC. In addition, the Court screens pro se complaints brought by plaintiffs proceeding in forma pauperis to identify the cognizable claims or dismiss those that . . . fail to state a claim upon which relief can be granted. 28 U.S.C. §1915. Therefore, the Court may dismiss claims based on screening as well.").

extrajudicial source of bias such that a reasonable person would question the judge's impartiality; adverse or even repeated judicial rulings are insufficient as a matter of law. *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997); *Liteky v. United States*, 510 U.S. 540, 554–55 (1994). Nor does Plaintiff's refusal to consent have any bearing on the R&R, as referrals under 28 U.S.C. § 636(b)(1) do not require party consent. *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004); Fed. R. Civ. P. 72(expressly providing for a recommended disposition "without the parties' consent").

Accordingly, IT IS HEREBY ORDERED:

1. The R&R (Doc. # 66) is accepted as modified above;
2. Plaintiff's First Amended Complaint is dismissed WITHOUT LEAVE TO AMEND;
3. Claims 1–7 and 10 are DISMISSED WITHOUT PREJUDICE to Plaintiff re-filing these claims in another court with appropriate jurisdiction. Claims 8 and 9 are DISMISSED WITH PREJUDICE.
4. Judgment is to be entered accordingly;
5. All other matters are TERMINATED.

**IT IS SO ORDERED.**

Dated: 1/8/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE